NOT DESIGNATED FOR PUBLICATION

No. 121,044

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROCKY C. PERALES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 22, 2019. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Rocky Perales appeals his agreed sentence following his convictions for aggravated domestic battery and violations of a protection order. We granted Perales' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response and agrees that summary disposition is appropriate. Because we have no jurisdiction to review a sentence that the district court imposed after agreement by the defendant and the State, we affirm.

As part of a plea agreement with the State, Perales pleaded guilty to one count of aggravated domestic battery, a felony, and six counts of violation of a protection order,

1

all misdemeanors. Given Perales' criminal-history score, the presumptive sentence for the aggravated domestic battery was 24 months of probation with an underlying prison sentence of 25, 27, or 29 months. Perales and the State agreed to recommend that the district court impose the presumptive probation term with an underlying prison sentence of 29 months. They also agreed to recommend that the district court impose a 12-month jail sentence for each of the misdemeanors, to run concurrently and work release authorized.

At sentencing, Perales and the State requested the district court follow the plea agreement. The court granted that request and imposed 24 months of probation with an underlying 29-month prison term for the aggravated domestic battery and 12 months for each of the misdemeanors. It ran the misdemeanors concurrently and authorized work release. Nevertheless, Perales has appealed, claiming the court "erred in sentencing him."

We must consider whether we have jurisdiction, or legal authority, to consider the matter. We have a duty to consider our jurisdiction even if no party raises the issue. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). As noted, K.S.A. 2018 Supp. 21-6820(c)(2) answers that question: We do not have jurisdiction because the sentence resulted from an agreement approved by the district court. We must dismiss the appeal for lack of jurisdiction. *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194, *rev. denied* 306 Kan. 1322 (2017).

Appeal dismissed.